IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ZACKARY MOORE**                                                                      **PLAINTIFF**

v.                        **CIVIL ACTION NO.: 1:18-cv-00327-KS-RHW**

**ESTATE OF BROOKE POSEY,**
**ERNEST POSEY, ADMINISTRATOR, and**
**FICTITIOUS DEFENDANTS 1-8**                                      **DEFENDANTS**

consolidated with

**ERNEST POSEY, Individually, and**
**on behalf of all the wrongful death**
**beneficiaries and as representative**
**of the heirs at law of Brooke Posey,**
**deceased minor**                                             **CONSOLIDATED PLAINTIFF**

v.

**ZACKARY MOORE, NICHOLAS KONZ and**
**USAA CASUALTY INSURANCE COMPANY**      **CONSOLIDATED DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF BROOKE POSEY'S DIGITAL DEVICE TO PLAINTIFF'S DIGITAL FORENSIC EXPERT FOR A DATA EXTRACTION TO EXTRACT UNENCRYPTED DATA THEREIN**

     **NOW INTO COURT** comes Plaintiff, Zackary Moore, and moves to compel production of Brooke Posey's digital device (Hereinafter "IPhone"), for a data extraction employing a soft reset by Plaintiff's Digital Forensic Expert to extract decrypted data, and shows:

**FACTUAL BACKGROUND**

     Plaintiff Zackary Moore's claims against the Estate of Brook Posey arise out of a motor vehicle collision on March 17, 2017 on Highway 53 in Harrison County, Mississippi nearby Carlton Cuevas Road. (See Exhibit "A" – Copy of Crash Report).

Relevant to the motion, Marie Rudd Gregory has possessed Brooke Posey's IPhone since the date of the collision on March 17, 2017. (See Exhibit "B" – Marie Rudd Gregory Deposition Transcript: Pp.33-34 ). Marie Rudd Gregory is a wrongful death beneficiary in the Estate of Brooke Posey's pending wrongful death claim filed against Zackary Moore, which has been consolidated for discovery with Plaintiff Moore's claims against the Estate of Posey. (See Exhibit "B" – Marie Rudd Gregory Deposition Transcript: Pp.44). Marie Rudd Gregory is an interested person.

Brooke Posey had the IPhone inside the vehicle of the Honda Civic she was driving at the time of the collision (See Exhibit "C" - Grayson Bell Deposition, Pp. 17).

Grayson Bell was the front seat passenger in the Honda Civic Brooke Posey was driving at the time of the collision. Grayson Bell testified the Honda Civic was too close to a white truck (which was being driven by Nicholas Konz) located directly in front of the Honda Civic on southbound Highway 53 immediately before the collision. (See Exhibit "C" - Grayson Bell Deposition, Pp.17-20)Grayson Bell testified that he screamed immediately before the collision, and was concerned about Brooke Posey rear-ending the vehicle in front of her. (See Exhibit "C" - Grayson Bell Deposition, Pp. 35). Grayson Bell testified that Brook Posey's speed leading up to the collision was the speed limit on the highway (which was 55 miles per hour). (See Exhibit "C" - Grayson Bell Deposition, Pp. 32).

Guy Layton, an individual driving behind Brooke Posey on southbound Highway 53 before the collision, testified that Brooke Posey passed him before the collision, and would speed up and slow down after Brooke Posey's passed him. (See Exhibit "D" – Guy Layton Deposition, Pp.8-10). It was Guy Layton's impression that Brooke Posey was texting on her cell phone (See Exhibit "D" – Guy Layton Deposition, Pp.11).

Brooke Posey's parents, Marie Rudd Gregory and Ernest Posey, both visited the scene of the collision several times, and saw no skids marks behind the Honda Civic. See Exhibit "B" – Marie Rudd Gregory Deposition Transcript: Pp.29; See Exhibit "E" – Ernest Posey Deposition, Pp. 31). The most obvious explanation for the lack of skid marks is that Brooke Posey never applied her brakes before the collision with the white truck. The second collision subsequently occurred in Zackary Moore's lane of travel – Highway 53 northbound.

The vehicle that Brooke Posey rear-ended – a white truck – was driven by Nicholas Konz. Mr. Konz testified that he was stopped at the time of the collision on Highway 53 southbound, intending on making a left hand turn with his left blinker initiated when he was struck from the behind. (See Exhibit "F" – Nicholas Konz Deposition, Pp. 8-11, 19-20, 23,33). The force of the collision from the Honda Civic rear-ending the white truck was so "intense" that Mr. Konz lost consciousness. (See Exhibit "F" – Nicholas Konz Deposition, Pp. 23, 33).

Counsel for the Estate of Brooke Posey and undersigned counsel agreed that Marie Rudd Gregory would produce Brooke Posey's IPhone while the depositions of Zackary Moore, Marie Rudd Gregory and Ernest Posey were being taken on December 19, 2019. (See Exhibit "G" – Email correspondence with Counsel regarding IPhone Extraction). Counsel for the Estate of Posey and undersigned counsel agreed after that the extracted data from Brooke Posey's IPhone by Plaintiff's Digital Forensics Expert, the Digital Forensic Expert would produce to both the Estate of Posey and Plaintiff Moore the extracted data on Brooke Posey's IPhone 24 hours before the collision. (Id.) Plaintiff Moore agreed to only ask for the production of the data on the IPhone 24 hours before the collision because the request was reasonable proportional to the

needs of the case. Plaintiff Moore is not interested in Brooke Posey's personal photos or message not relevant to the collision over which Plaintiff Moore has filed suit.

After completing the first extraction of Brook Posey's IPhone, Plaintiff Moore's Digital Forensic Expert, Steven Coker, received a message from the extraction software he was using that the data was encrypted. (See Exhibit "H" – Steven Coker Affidavit, Paragraph 10) Marie Rudd Gregory provided a list of potential passwords to Steven Coker thereafter, but Steven Coker could not decrypt the data. (Id.). Steven Coker then asked Marie Rudd Gregory if he could perform a soft reset on Brooke Posey's IPhone, and Marie Rudd Gregory refused. (See Exhibit "H" – Steven Coker Affidavit, Paragraph 11)

The procedure for the soft reset is explained in Paragraph 11 of Steven Coker's affidavit. (See Exhibit "H" – Steven Coker Affidavit, Paragraph 11) Steven Coker attempted a second extraction, but this attempt also failed to produce decrypted data on Brooke Posey's IPhone. (See Exhibit "H" – Steven Coker Affidavit, Paragraph 12). Steven Coker maintained a chain of custody log regarding the use and handling of Brooke Posey's IPhone and video recorded the extraction. (See Exhibit "H" – Steven Coker Affidavit, Paragraphs 4-5) (See also: Exhibit "A" and Exhibit "B" to Steven Coker Affidavit).[1] Steven Coker has requested that the IPhone should not be powered on, tampered with, or used until another extraction can be can be completed on the IPhone. (See Exhibit "H" – Steven Coker Affidavit, Paragraph 13) the data on the IPhone that Steven Coker is in possession is encrypted (Id.). Steven Coker states in his affidavit that another extraction is necessary requiring a soft reset to obtain the decrypted data. (Id.). The IPhone was released to Marie Rudd Gregory after the December 19, 2019 depositions.

---

[1] Undersigned counsel retains a copy of the video of the IPhone extraction, and will produce a copy of the Court on request. Until then, undersigned counsel will remain the custodian of the video of the IPhone extraction that is referenced as Exhibit "B" to Steven Coker's Affidavit.

After December 19, 2019 depositions, on December 20, 2020, counsel for Plaintiff Moore wrote counsel for the Estate of Brooke Posey and requested that Brooke Posey's IPhone be produced for a soft reset, and specifically requested that the IPhone be quarantined until the subsequent extraction was completed so Plaintiff Moore would have access to the decrypted data. The Estate of Posey refused. (See Exhibit "I" – email correspondence).

After Marie Rudd Gregory left with the IPhone on December 19, 2019, the Estate of Posey's counsel has communicated with undersigned counsel for Plaintiff Moore that Brooke Posey's IPhone is on "Activation Lock." (Id.) On information and belief, the IPhone has been in Marie Rudd Gregory's possession since the IPhone was released to her after the December 19, 2019 depositions. Marie Rudd Gregory has powered on the IPhone since leaving with it on December 19, 2019 based on the Estate of Posey's counsel's email stating that the Iphone's screen is now showing "Activation Lock." Based on Steven Coker's affidavit, this may be evidence that someone has erased the data on Brooke Posey's IPhone (See Exhibit "H" – Steven Coker Affidavit, Paragraph 13).

This Court has indicated that briefing would best address this issue. (See Exhibit "J" – Email correspondence from Court). Accordingly, Plaintiff Moore is submitting this motion to compel.

**ARGUMENT**

The current dispute is not whether Plaintiff Moore's is entitled to the data on Brooke Posey's IPhone 24 hours before the collision. The Estate of Posey produced the IPhone without objection to extract the data on the IPhone 24 hours before the collision. Rather, the dispute is whether the Estate of Posey should be ordered to produce the IPhone for another extraction so Plaintiff can have access to the decrypted data on the IPhone.

The decrypted data on the IPhone is relevant and is reasonably calculated to lead to the discovery of relevant evidence. Plaintiff Moore has agreed to limit the scope of the extracted data to 24 hours before the collision. Currently, the Plaintiff is in possession of encrypted data, which provides no information about how or when the IPhone device was being used 24 hours before the collision. Stated another way, the encrypted data of which the Plaintiff currently possesses provides no discoverable facts or information. As the Plaintiff's Digital Forensic Expert explains, another extraction with a soft reset is necessary to obtain the decrypted data on Brooke Posey's IPhone.

There is overwhelming record evidence to support the inference that Brooke Posey was driving distracted due to IPhone use. It was Guy Layton impression, who driving directly behind Brooke Posey's Honda Civic, that Brooke Posey was using her IPhone before the collision. Guy Layton testified that Brooke Posey was driving erratically by speeding up and slowing down over the course of ten (10) miles before the collision. There is no evidence of any skid marks behind the Honda Civic before the collision with the white truck driven by Nicholas Konz. Nicholas Konz testified that he was at a complete stop when he was rear-ended. (Konz depo testimony)

In sum, Brooke Posey, a 17 year old teenage driver (See Exhibit "K" – Copy of Brooke Posey Death Certificate), possessing an IPhone in her vehicle, passed Guy Layton's vehicle, drove erratically for 10 miles by speeding up and slowing down, then left no skid marks before a rear end collision with a stopped white truck making a left hand turn from Highway 53 south to Carlton Cuevas Road.at the time the left blinker on the truck was initiated.  Grayson Bell testified that the white truck Brooke Posey rear-ended was directly in front of the Honda Civic on Highway 53 southbound immediately before the collision.

The Estate of Posey's refusal to provide decrypted data on the IPhone is causing unnecessary delay. Plaintiff cannot make his expert designation without having all facts and information required to do so. Without the decrypted data on Brooke Posey's IPhone, the Plaintiff cannot make his expert designation. The Estate of Posey's refusal to allow Plaintiff Moore's Digital Data Forensics expert to perform a soft reset and obtain the decrypted data is exactly the behavior that warrants an award of attorney's fees and expenses. Plaintiff Moore must undergo additional expense for a subsequent extraction that could have – and should have - been performed on December 19, 2019.

Undersigned counsel has spent considerable time, effort and expense to obtain the unencrypted data from Brooke Posey's IPhone. Including ten (10) hours of attorney time expended by undersigned counsel after the December 19, 2019 depositions, Plaintiff's Digital Forensics Expert Steven Coker will also submit a bill to Plaintiff Moore for his services after the December 19, 2019 extraction.

Under Fed.R.Civ.P.37(a)(5), undersigned counsel requests that the Estate of Posey be ordered to pay $2500.00 in attorney's fees, and the amount billed by Steven Coker after the December 19, 2019 deposition, including the expense for the additional extraction that must be completed to obtain the decrypted data 24 hours before the collision. The Estate of Posey's refusal to provide the IPhone for decrypted data 24 hours before the collision has caused unnecessary delay, and cannot be tolerated. Sanctions must be imposed, and Brooke Posey's IPhone must be produced forthwith to Plaintiff's Digital Forensic Expert for an extraction by employing a soft reset to retrieve the decrypted data on Broke Posey's IPhone.

**WHEREFORE,** preemies considered, Plaintiff Moore request that the Court order the Estate of Posey to produce Brooke Posey's IPhone for inspection and allow Plaintiff's Digital

Forensic Expert, Steven Coker, to perform a data extraction employing a soft reset as described herein. Further, Plaintiff Moore's requests this Court enter an Order requiring the Estate of Posey to pay attorney's fees in the amount of $2,500.00, and further, to pay Steven Coker's invoice for services rendered after the December 19, 2019 extraction, including the expense to perform an additional extraction, and any other such further or additional relief Plaintiff is entitled in the premises.

RESPECTFULLY SUBMITTED this the 23rd day of January, 2020.

> */s/ Ian A. Brendel*
> Ian A. Brendel (#102659)
> Alexander Shunnarah & Associates
> PO Box 1388
> Mobile, AL 36633
> T. 251-459-8641
> F. 251-459-6387
> ibrendel@alexandershunnarahlaw.com
> **Attorney for Plaintiff Zackary Moore**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I have caused a copy of the foregoing to be filed on CM/ECF and these persons have been notified by CM/ECF electronically:

Laurent J. Demosthenidy, Esq. (*LJD@kingjurgens.com*)
Schafer & Schafer LLP
328 Lafayette Street
New Orleans, LA 70130
T. 504-522-0011
F. 504-523-2795
**Counsel for Defendant Estate of Brooke Posey**

Edward Taylor, Esq. (*etaylor@danielcoker.com*)
Katie Van Camp, Esq. (*kvancamp@danielcoker.com*)
Daniel, Coker, Horton & Bell, PA
1712 15th Street, Suite 400 (39501)
Post Office Box 416
Gulfport, MS 39502-0416

T: 228-864-8117
F: 228-864-6331
**Counsel for Defendant Zachary Moore**

George W. Healy, IV, Esq. (gwhealyiv@aol.com)
Anthony R. Liberato, Esq. (anthony.healylaw@gmail.com)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
T. 228-575-4005
F. 228-575-4006
**Counsel for Plaintiff/Defendant Ernest Posey, Individually and o/b/o heirs of Brooke Posey**

Keith Blain Franklin, Esq. (kfranklin@law-alabama.com)
Vernis & Bowling of Southern Alabama, LLC
118 North Royal Street, Suite 404
Mobile, AL 36602
kfranklin@law-alabama.com
**Counsel for Defendant USAA Casualty Insurance Company**

                                          */s/ Ian A. Brendel*
                                          Ian A. Brendel (#102659)